UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-24231-CIV-SEITZ/SIMONTON

NEW YORK DISCOUNT PLUS, INC.,

    Plaintiff,

v.

SCOTTSDALE INSURANCE COMPANY,

    Defendant.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES AND REQUIRING A MORE DEFINITE STATEMENT FROM PLAINTIFF

THIS MATTER is before the Court on Plaintiff's Motion to Strike Defendant's Affirmative Defenses [DE-4]. On October 7, 2013, Plaintiff New York Discount Plus, Inc. ("NY Discount") brought an action against Defendant Scottsdale Insurance Company ("Scottsdale") in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. Scottsdale filed an answer that asserted six affirmative defenses and then removed the case on November 21, 2013 [DE-1]. NY Discount then moved to strike Scottsdale's affirmative defenses.

Having reviewed the Complaint [DE-1-3 at pp. 9-11], Scottsdale's Answer [DE-1-3 at pp. 12-20], NY Discount's Motion to Strike, the response [DE-8] and reply [DE-9] thereto, and the applicable case law, the Court finds that each of Scottsdale's affirmative defenses fails to provide NY Discount with fair notice of the affirmative defense or the grounds upon which it rests. Accordingly, the Court will grant NY Discount's motion. However, in order to narrow and focus the issues before the Court, the Court will order NY Discount to file a more definite statement as to paragraph 7 of the Complaint, after which Scottsdale may amend its Answer and re-plead certain of its defenses.

I.  **LEGAL STANDARD**

A court "may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). "Although motions to strike a defense are generally disfavored, a Rule 12(f) motion to dismiss a defense is proper when the defense is insufficient as a matter of law." *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982), *cert. denied*, 459 U.S. 1105 (1983).

An affirmative defense is an assertion by the defendant raising new facts and arguments that, if true, will defeat the plaintiff's claim, even if all allegations in the complaint are true. "A defense which points out a defect in the plaintiff's *prima facie* case is not an affirmative defense." *In re Rawson Food Svc., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988). Because affirmative defenses are often proven by facts extrinsic to the plaintiff's claim, a plaintiff needs to receive fair notice of an affirmative defense as early as possible so that the parties can focus discovery accordingly. Therefore, the general rule is that affirmative defenses must be set forth in the pleadings or be deemed waived. *Am. Nat'l Bank v. Fed. Deposit Ins. Corp.*, 710 F.2d 1528, 1537 (11th Cir. 1983).[1]

Affirmative defenses are also subject to the general pleading standards of the Federal Rules of Civil Procedure. *See Romero v. S. Waste Sys., LLC*, 619 F. Supp. 2d 1356, 1358 (S.D. Fla. 2009). As such, affirmative defenses that fail to recite more than bare-bones conclusory allegations are legally insufficient and will be stricken. *Morrison v. Executive Aircraft Refinishing, Inc.*, 434 F.Supp.2d 1314, 1318 (S.D. Fla. 2005).

---

[1] However, a defendant does not waive an affirmative defense if the earlier omission from a responsive pleading does not prejudice the plaintiff. *Edwards v. Fulton Cnty., Ga.*, 509 F. App'x 882, 887-88 (11th Cir. 2013) (raising an affirmative defense in a motion for summary judgment did not constitute a waiver because the opposing party had sufficient time to respond to the defense); *see also Hassan v. U.S. Postal Serv.*, 842 F.2d 260, 263 (11th Cir. 1988) ("[W]hen the failure to raise an affirmative defense does not prejudice the plaintiff, it is not error for the trial court to hear evidence on the issue.").

## II.     ANALYSIS

The Court will address each of the asserted defenses in turn.

*First Affirmative Defense*: "The Complaint fails to state a claim against SCOTTSDALE upon which relief can be granted."

This is simply a recitation of the standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6), and is not an affirmative defense. Therefore, Scottsdale's First Affirmative Defense must be stricken.

*Second Affirmative Defense*: "Plaintiff fails to identify any policy conditions under the contract of insurance SCOTTSDALE issued to New York Discount Plus, Inc. [sic] which Defendant breached. SCOTTSDALE has not failed to comply with any terms and conditions of the contract of insurance issued to NY Discount Plus, Inc."

This is an attempt to point out a defect in NY Discount's *prima facie* case, and is not an affirmative defense. Therefore, Scottsdale's Second Affirmative Defense must be stricken.

However, in order to narrow and focus the issues before the Court, the Court will construe this purported defense as a motion for a more definite statement under Fed.R.Civ.P. 12(e). Paragraph 7 of the Complaint states that the insurance policy "provided coverage for all of the losses, damages, and expenses that New York Discount suffered and incurred," but fails (1) to specify any particular "losses, damages, and expenses," (2) to explain how such losses, damages, or expenses occurred, or (3) to point to specific terms of the insurance policy that allegedly provide coverage for such losses, damages, or expenses. As such, Paragraph 7 is so vague and ambiguous that Scottsdale cannot reasonably prepare a response. Therefore, NY Discount shall file a more definite statement of its Complaint as to Paragraph 7.

*Third Affirmative Defense*: "Plaintiff's claims against SCOTTSDALE are barred by doctrines of waiver, estoppel, laches, unclean hands and/or acquiescence."

This purported defense (1) lists five distinct affirmative defenses, each of which must be pled separately, (2) does not suggest how any of these defenses might apply to the instant case, (3) does not identify the elements of any of these defenses, and (4) does not provide or even suggest factual support for any of these defenses or for any elements thereof. Therefore, Scottsdale's Third Affirmative Defense fails to provide fair notice and must be stricken, with leave to re-plead.

*Fourth Affirmative Defense*: "SCOTTSDALE owes no additional monies for damages as New York Discount Plus, Inc. [sic] has failed to satisfy the policy terms and conditions. The Building and Personal Property Coverage Form CP 00 10 (06/07), which is part of the policy issued to NY Discount Plus, Inc. states . . . ." [*See* DE-1-3 at pp. 14-19 for the quoted insurance policy excerpt].

Though unclear, this appears to be an allegation that NY Discount failed to satisfy certain conditions precedent. "[W]hen denying that a condition precedent has occurred or been performed, a party must do so with particularity." Fed.R.Civ.P. 9(c). Scottsdale simply quotes numerous pages of the policy without suggesting which terms apply or how they might apply. Therefore Scottsdale's Fourth Affirmative Defense "does not advise Plaintiff how, why or in what way the coverage is allegedly excluded," *Meridian of Palm Beach Condo. Ass'n, Inc. v. QBE Ins. Corp.*, 06-81108-CIV, 2007 WL 1364334 at *2 (S.D. Fla. May 8, 2007) and must be stricken, with leave to re-plead.

*Fifth Affirmative Defense*: "Plaintiff has failed to mitigate damages as required under Florida law and any such recovery should be proportionally reduced as a matter of this failure."

This defense does not suggest in what way NY Discount may have failed to mitigate damages, nor does it plead any supporting facts. Therefore Scottsdale's Fifth Affirmative Defense does not provide fair notice and must be stricken, with leave to re-plead.

*<u>Sixth Affirmative Defense</u>: "Defendant specifically claims any credit or setoff to which the Defendant is entitled for any and all payments paid or payable to any third party, including a lender or other interested entity."*

This defense does not refer to any particular setoff or credit to which Scottsdale might be entitled, nor does it specify any lender or other entity to which payments may have been paid or payable. It furthermore does not indicate why Scottsdale might be entitled to any such credit or setoff. Therefore Scottsdale's Sixth Affirmative Defense does not provide fair notice and must be stricken, with leave to re-plead.

### III. CONCLUSION

Accordingly, it is

ORDERED that

1. Plaintiff's Motion to Strike Defendant's Affirmative Defenses [DE-4] is GRANTED.
2. Plaintiff shall file, no later than **February 11, 2014,** a more definite statement as to Paragraph 7 of the Complaint.
3. Defendant may file an amended Answer on or before **February 17, 2014**.

DONE AND ORDERED in Miami, Florida, this 4th day of February, 2014.

*[signature]*
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record